UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

ERIC MCDAVID,

        Plaintiff,

   v.

THE COUNTY OF SACRAMENTO, LOU BLANAS, Sheriff of Sacramento County, an individual, UNITED STATES MARSHALS SERVICE, ANTHONY AMADOR, United States Marshal of the Eastern District of California, an individual, and DOES 1 through 50,

        Defendants.

No. 2:06-cv-0638-MCE-GGH

ORDER

----oo0oo----

By Memorandum and Order filed June 27, 2006, this Court granted the Motion to Dismiss brought be Defendants County of Sacramento and Lou Blanas pursuant to Federal Rule of Civil Procedure 12(b)(6).

///
///
///

1

The Court determined that dismissal was warranted because Plaintiff was unable to state a cognizable claim predicated on either the First Amendment (free exercise of religion), the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc ("RLUIPA"), or the Eighth Amendment (infliction of cruel and unusual punishment).  No leave to amend was accorded given the Court's finding that the deficiencies of Plaintiff's Complaint could not be cured through amendment.

In addition to the County of Sacramento and its Sheriff, Defendant Blanas, Plaintiff also named as Defendants the United States Marshal's Service and Anthony Amador, United States Marshal for the Eastern District of California ("Federal Defendants").  Plaintiff alleges that, as a pretrial detainee in a federal criminal case, he is in the custody of the Federal Defendants even though he is being housed at the Sacramento County Jail as operated by the County and Mr. Blanas.  (Pl.'s Compl., 1:3-5, 3:11-22).

The Federal Defendants now move for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) on grounds that Plaintiff's Complaint shows on its face that Plaintiff cannot state a claim upon which relief can be granted.[1]

---

[1] While Federal Defendants' Notice of Motion appears to indicate in its first paragraph that judgment on the pleadings is sought only as to Plaintiff's First and Second Causes of Action (for violations of the First Amendment under 42 U.S.C. § 1983 and RLUIPA, respectively, the remainder of the Notice makes it clear that moving Defendants also seek judgment as to the remaining claim premised on the Eighth Amendment (as stated in Plaintiff's Third Cause of Action).  In addition, because the Bivens claim alleged in the Fourth Cause of Action is specifically predicated on the existence violations under RLUIPA and the First and Eighth
(continued...)

2

1  The grounds asserted by the Federal Defendants for judgment on
2  the pleadings mirror the grounds upon which this Court dismissed
3  all claims against the County of Sacramento and Sheriff Blanas,
4  pursuant to Rule 12(b)(6), in its June 27, 2006 Memorandum and
5  Order.[2]  The Court's rationale in dismissing the claims against
6  the County and Blanas apply equally to the Federal Defendants and
7  mandates that the Federal Defendants' Motion for Judgment on the
8  Pleadings be granted.
9      A motion for judgment on the pleadings for failure to state
10 a claim is subject to the same standard as a motion to dismiss
11 for failure to state a claim under Rule 12(b)(6).  <u>Craigs, Inc.
12 v. Gen. Elec. Capital Corp.</u>, 12 F.3d 686, 688 (7th Cir. 1993).[3]
13 ///
14 ///

---

[1](...continued)
Amendments, it too hinges on whether the underlying violations asserted in the preceding causes of action can be established. Consequently, the Court believes that the instant Motion is directed to all claims asserted against the Federal Defendants and will treat it accordingly.

[2] Federal Defendants do assert an additional argument that they cannot be liable for the actions of independent contractors, claiming that the County and Blanas are in that position given Federal Defendants' contract with the County to house federal prisoners awaiting trial.  It is not necessary to reach that argument, however, since as Federal Defendants point out the Court has already determined that the County and Blanas are not liable to Plaintiff in any event.  Consequently any imputed liability, or lack thereof, by virtue of the County's status with the Federal Defendants need not be addressed.

[3] The only procedural difference between the two motions is that a motion for judgment on the pleadings, unlike a Rule 12(b) motion cannot be brought until after the pleadings are closed. <u>See</u> Fed. R. Civ. P. 12(c).  Since the Federal Defendants are the only remaining Defendants in this matter, and since an answer on their behalf was filed on May 30, 2006, that requirement has been satisfied.

3

That standard is set forth in the Court's June 27, 2006 Memorandum and Order which is incorporated herein by reference as if fully set forth.

The Court's reasoning in rejecting Plaintiff's claims is also fully explicated in its prior June 27, 2006 Memorandum and Order.  That Order, as stated above, concluded that Plaintiff could not, as a matter of law, state a claim under the facts as alleged in his pleadings for violations of either RLUIPA, the First Amendment, or the Eighth Amendment.  These same claims are posited against all Defendants, including the Federal Defendants. The only additional claim asserted against the Federal Defendants is found within the Fourth Cause of Action, which states a <u>Bivens</u> claim on grounds that the Federal Defendants "deprived [P]laintiff of his First and Eighth Amendment rights under the [United States] Constitution and applicable federal statutes as set forth above..."  (Pl.'s Compl., 10:7-9).  Hence the viability of the Fourth Cause of Action necessarily depends on the viability of its three predecessor claims, and any such viability has already been rejected by this Court.

Significantly, too, Plaintiff has filed no opposition to the instant motion.  Given that non-opposition, as well as the fact that the Court's prior June 27, 2006 Memorandum and Order is controlling in any event as to the claims asserted against the Federal Defendants, the Motion for Judgment on the Pleadings brought by the Federal Defendants is GRANTED.[4]

---

[4] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D.
(continued...)

4

1  No leave to amend will be permitted in accordance with that prior
2  Order.
3       IT IS SO ORDERED.
4
5  DATED: October 24, 2006

                                    _____
                                    MORRISON C. ENGLAND, JR
                                    UNITED STATES DISTRICT JUDGE

---

⁴(...continued)
Cal. Local Rule 78-230(h).