1
2
3
4
5
6
7
8
9
10

                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA

11  ERIC MCDAVID,
                                    No. 2:06-cv-0638-MCE-GGH
12              Plaintiff,

13          v.                      AMENDED ORDER

14  THE COUNTY OF SACRAMENTO, LOU
    BLANAS, Sheriff of Sacramento
15  County, an individual, UNITED
    STATES MARSHALS SERVICE,
16  ANTHONY AMADOR, United States
    Marshal of the Eastern
17  District of California, an
    individual, and DOES 1 through
18  50,

19              Defendants.

20                        ----oo0oo----

21

22          By Memorandum and Order filed June 27, 2006, this Court

23  granted the Motion to Dismiss brought be Defendants County of

24  Sacramento and Lou Blanas pursuant to Federal Rule of Civil

25  Procedure 12(b)(6).

26  ///

27  ///

28  ///

                                  1

1   The Court determined that dismissal of certain claims[1] was

2   warranted because Plaintiff was unable to state a cognizable

3   claim predicated on either the First Amendment (free exercise of

4   religion), the Religious Land Use and Institutionalized Persons

5   Act, 42 U.S.C. § 2000cc ("RLUIPA"), or the Eighth Amendment

6   (infliction of cruel and unusual punishment).  No leave to amend

7   the above claims was accorded given the Court's finding that the

8   deficiencies of Plaintiff's Complaint could not be cured through

9   amendment.

10       In addition to the County of Sacramento and its Sheriff,

11  Defendant Blanas, Plaintiff also named as Defendants the United

12  States Marshal's Service and Anthony Amador, United States

13  Marshal for the Eastern District of California ("Federal

14  Defendants").  Plaintiff alleges that, as a pretrial detainee in

15  a federal criminal case, he is in the custody of the Federal

16  Defendants even though he is being housed at the Sacramento

17  County Jail as operated by the County and Mr. Blanas.  (Pl.'s

18  Compl., 1:3-5, 3:11-22).

19       The Federal Defendants now move for Judgment on the

20  Pleadings pursuant to Federal Rule of Civil Procedure 12(c) on

21  grounds that Plaintiff's Complaint shows on its face that

22  Plaintiff cannot state a claim upon which relief can be granted.[2]

23

24       [1]The only claim not subject to the Motion to Dismiss brought
    by the County and by Blanas was that portion of Plaintiff's Third
25  Cause of Action, for violation of the Eighth Amendment,
    predicated on the argument that Sacramento Jail County personnel
26  failed to afford Plaintiff adequate opportunity to exercise.

27       [2]While Federal Defendants' Notice of Motion appears to
    indicate in its first paragraph that judgment on the pleadings is
28                                             (continued...)

2

1  The grounds asserted by the Federal Defendants for judgment on

2  the pleadings largely mirror the grounds upon which this Court

3  dismissed the above-referenced claims against the County of

4  Sacramento and Sheriff Blanas, pursuant to Rule 12(b)(6), in its

5  June 27, 2006 Memorandum and Order.[3]  The Federal Defendants go

6  one step farther, however, in arguing that Plaintiff's claims

7  should be dismissed in their entirety, including the Eighth

8  Amendment lack of exercise claim not subject to the County

9  Defendants' Motion to Dismiss.  The Federal Defendants argue that

10  because the United States Marshal's Service was authorized by

11  statute to contract with state or local correctional facilities

12  to house federal prisoners (see 18 U.S.C. §§ 4002, 4013), and

13  since the United States cannot be liable for the actions of

14  independent contractors providing such services (see <u>U.S. v.</u>

15  <u>Orleans</u>, 425 U.S. 807, 813-14 (1976); <u>Loque v. U.S.</u>, 412 U.S.

16  521, 530 (1973), the United States must be dismissed from this

17  lawsuit in its entirety.

18  ///

19

20

21  [2](...continued)
sought only as to Plaintiff's First and Second Causes of Action
(for violations of the First Amendment under 42 U.S.C. § 1983 and

22  RLUIPA, respectively, the remainder of the Notice makes it clear
that moving Defendants also seek judgment as to the remaining

23  claim premised on the Eighth Amendment (as stated in Plaintiff's
Third Cause of Action).  In addition, because the <u>Bivens</u> claim

24  alleged in the Fourth Cause of Action is specifically predicated
on the existence violations under RLUIPA and the First and Eighth

25  Amendments, it too hinges on whether the underlying violations
asserted in the preceding causes of action can be established.

26  Consequently, the Court believes that the instant Motion is
directed to all claims asserted against the Federal Defendants

27  and will treat it accordingly.

28

3

1    A motion for judgment on the pleadings for failure to state

2  a claim is subject to the same standard as a motion to dismiss

3  for failure to state a claim under Rule 12(b)(6).  <u>Craigs, Inc.</u>

4  <u>v. Gen. Elec. Capital Corp.</u>, 12 F.3d 686, 688 (7th Cir. 1993).[4]

5  That standard is set forth in the Court's June 27, 2006

6  Memorandum and Order which is incorporated herein by reference as

7  if fully set forth.

8    Plaintiff has not opposed Federal Defendants' Motion for

9  Judgment on the Pleadings, and does not take issue with

10  Defendants' assertion that Plaintiff's day-to-day care was

11  delegated to the County of Sacramento by contract.   The Court

12  agrees that the United States cannot be liable any mistreatment

13  at the Sacramento County Jail under the rationale of <u>Orleans</u> and

14  <u>Logue</u>.[5]

15  ///

16  ///

17  ////

18

19    [4]The only procedural difference between the two motions is
that a motion for judgment on the pleadings, unlike a Rule 12(b)
20  motion cannot be brought until after the pleadings are closed.
<u>See</u> Fed. R. Civ. P. 12(c).  Since an answer on behalf of the
21  Federal Defendants was filed on May 30, 2006, and since co-
defendants County of Sacramento and Lou Blanas have also answered
22  Plaintiff's Complaint (on July 7, 2006), that requirement has
been satisfied.

23    [5]In addition, Defendant Anthony Amador, United States
Marshal for the Eastern District of California, cannot by the
24  same token be individually liable for care he did not participate
in providing to Plaintiff.  Moreover, in arranging to contract
25  with Sacramento County for the care of federal inmates, Amador
could not have violated Plaintiff's constitutional rights when
26  such delegation of care was specifically authorized by federal
statute as stated above.  Therefore Amador is protected by
27  qualified immunity in any event under the rationale articulated
by the Supreme Court in <u>Saucier v. Katz</u>, 533 U.S. 194, 200-02
28  (2001).

4

1   Dismissal of Plaintiff's claims, with the exception of his

2   Eighth Amendment failure to provide adequate exercise claim, is

3   also appropriate for the reasons explicated by this Court in its

4   prior June 27, 2006 Memorandum and Order.  That Order concluded

5   that Plaintiff could not, as a matter of law, state a claim under

6   the facts as alleged in his pleadings for violations of either

7   RLUIPA, the First Amendment, or the Eighth Amendment.  These same

8   claims are posited against all Defendants, including the Federal

9   Defendants.

10   The only additional claim asserted against the Federal

11   Defendants is found within the Fourth Cause of Action, which

12   states a <u>Bivens</u> claim on grounds that the Federal Defendants

13   "deprived [P]laintiff of his First and Eighth Amendment rights

14   under the [United States] Constitution and applicable federal

15   statutes as set forth above..." (Pl.'s Compl., 10:7-9).  Hence

16   the viability of the Fourth Cause of Action necessarily depends

17   on the viability of its three predecessor claims, and any such

18   viability is and has been rejected by this Court.

19   For all the foregoing reasons, the Motion for Judgment on

20   the Pleadings brought by the Federal Defendants is GRANTED.[6]

21   No leave to amend will be permitted. The deficiencies of

22   Plaintiff's claims against the Federal Defendants cannot be

23   rectified through amendment.

24   ///

25   ///

26

27        [6] Because oral argument will not be of material assistance,
    the Court ordered this matter submitted on the briefing.  E.D.
28   Cal. Local Rule 78-230(h).

5

1    See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th

2    Cir. 1992).

3          IT IS SO ORDERED.

4    DATED: November 16, 2006

5

6

7                                    _____

8                                    MORRISON C. ENGLAND, JR
                                     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6